# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **QUANTRUS TERRELL GREEN** | **CIVIL ACTION NO. 3:13-cv-0962** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CAMILLA GRANT, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Quantrus Terrell Green, proceeding *in forma pauperis*, filed the instant civil rights complaint (42 U.S.C. §1983) on May 7, 2013. When he filed this complaint, plaintiff was an inmate who was incarcerated at the Richland Parish Detention Center, Rayville, Louisiana. He was released from custody on May 25, 2013. [See Civil Action No. 3:13-cv-0974 at Doc. 7] Plaintiff complained of inadequate care and treatment for high blood pressure during his brief incarceration at RPDC. He sued nurses Grant and Hill and the Parish of Richland and prayed for compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff was transferred to RPDC on April 9, 2013. Upon his arrival he advised unnamed members of the medical staff that he is being medicated for hypertension and has been ordered to refrain from consuming salt. He was thereafter provided his medication but was not given a salt-free diet. On April 12, 2013, he submitted a grievance to the medical department

[Doc. 2, p. 3] On April 25, 2013, he was examined by Nurse Grant who determined that his blood pressure was 138/88. She also advised the kitchen staff to provide plaintiff with the no-salt diet as requested. She also noted that the fault lay with the transferring institution because they neglected to notify RPDC staff of plaintiff's salt-free requirements. [Doc. 2, p. 5] Plaintiff signed his complaint on April 29, 2013; it was mailed from the facility on May 6, 2013, and it was received and filed on May 7. As noted above, plaintiff was released from custody on May 25, 2013.

*Law and Analysis*

*1. Screening*

Plaintiff was apparently a detainee when he experienced the conditions complained of. Nevertheless, a detainee is considered a prisoner pursuant to 28 U.S.C. §1915(h). When a prisoner or detainee is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

However, in order to benefit from this assumption of truthfulness, a civil rights plaintiff

must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 596 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint outlining the broad contours of his claim. Further amendment would serve no useful purpose.

## 2. Medical Care

Plaintiff complains about the denial of appropriate or adequate medical care, specifically, the failure of the defendants to provide him with a salt-free diet from April 9-25, 2013. Assuming his status as a detainee, plaintiff's constitutional rights flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996). Detainees, by virtue of their status, are not subject to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979). Nonetheless, when, as here, a pretrial detainee brings medical care claims which are directed toward particular incidents, these events are properly analyzed as episodic acts, and the deliberate indifference standard is applied. *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir.1996). This standard is substantially equivalent to the

Eighth Amendment protections available to a convicted prisoner. *Id.*

To state a cause of action, this plaintiff needs to show deliberate indifference on the part of each of the defendants. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.*

Thus, in order to establish an actionable constitutional violation, plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the plaintiff to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the named defendants or any of the other corrections officers or healthcare officials identified in his pleadings. Indeed, the exhibits submitted by plaintiff indicate that his problem was addressed and rectified as soon as it was made known to defendant Grant. Further, it appears that plaintiff's fears of injury resulting from the failure to provide him a salt-free diet are without a basis in fact. According to Nurse Grant, upon being alerted of plaintiff's plight she examined him and obtained a blood pressure reading which, despite plaintiff's regular diet over the past few days, was near normal. Assuming all facts alleged to be true, plaintiff has failed to establish deliberate indifference on

the part of the defendants.

*Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, June 12, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE